WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Matthew C. Davidson,<br><br>　　　　　Petitioner,<br><br>v.<br><br>Susan J McClintock,<br><br>　　　　　Respondent. | No. CV-13-0530-TUC-DTF<br><br>**ORDER** |

Pending before the Court is a Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2241. Petitioner, Matthew C. Davidson, who is currently confined at the Federal Correctional Institution in Safford, AZ, alleges that his classification by the Federal Bureau of Prisons (BOP) is not proper and in violation of federal law. The parties consented to exercise of jurisdiction by a Magistrate Judge, pursuant to 28 U.S.C. § 636(c)(1). (Doc. 16.) The Court finds that the Petition should be dismissed for lack of jurisdiction.

**BACKGROUND**

Petitioner was convicted on November 3, 2004, of being a felon in possession of a firearm – armed career criminal, conspiracy to obstruct justice, and obstruction of justice. (Doc. 11, Ex. A at 2.) He was sentenced to 235 months imprisonment and is currently housed at a low security federal correctional institution in Arizona pursuant to his

classification under BOP Program Statement (P.S.) 5100.08, "Inmate Security Designation and Custody Classification."[1] (*Id*. at 2.)

In order to classify inmates, the BOP uses a point-scoring system to analyze inmate's characteristics, including History of Violence. (*Id*. at 3.) The points are tallied and the resulting score determines the security level in which the inmate will be incarcerated. (*Id*. at 3.) Shortly after Petitioner was sentenced in 2005, BOP staff completed an initial Security/Designation review under P.S. 5100.08 and determined that Petitioner had a "Serious" History of Violence that was 10-15 years old. (*Id*. at 2.) Reviews of an inmate's classification status are regularly conducted by BOP staff, mainly to update factors specific to an inmate's adjustment to incarceration. (*Id*. at 2-3.) Category determinations are also updated to account for the passage of time.[2] (*Id*. at 3.) During the latest review in 2012, BOP staff determined that Petitioner had a "Serious" History of Violence over 15 years old, based on a 1982 conviction in Washington State. (*Id*. at 3.)

Petitioner filed this Petition on June 21, 2013, challenging his classification status. (Doc. 1 at 2.) Proper exhaustion of all administrative remedies with respect to the allegations in his Petition is uncontested by Respondent. (Doc. 11 at 2.)

## ANALYSIS

Petitioner alleges that his History of Violence determination was erroneously scored under P.S. 5100.08. He seeks injunctive relief in the form of a court order mandating the BOP to change the aforementioned, contested category from "Serious" to "Minor" and adjust his custody classification points accordingly.

---

[1] P.S. 5100.08 is available at http://www.bop.gov/policy/progstat/5100_008.pdf (last visited June 25, 2014).

[2] For example, the History of Violence category is divided into four time-frames: <5 years; 5-10 years; 10-15 years; and >15 years. An inmate's designation may change over the course of his sentence. *See* P.S. 5100.08, *supra* note 1, at 60-61.

**Jurisdiction**[3]

A District Court has jurisdiction of a § 2241 petition if a prisoner is challenging the legality of the "manner, location, or conditions of the execution of a sentence," *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000), and when a successful challenge to those prison conditions would accelerate the prisoner's release. *See Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003); *see also Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973) (immediate or accelerated release from illegal custody is the essence of habeas corpus). Here, Petitioner alleges he is contesting the "manner and condition" of his sentence, but the Petition fails to provide any rationale for how a difference in custody classification points would affect the manner or condition of his custody.[4] Claims which pertain to prisoner's classifications, especially individual custodial classification scores, are not cognizable in a federal habeas petition. *See Estrada v. Chavez*, CV 08-1358-PHX-NVWLOA, 2009 WL 1383328 at *5 (D. Ariz. May 15, 2009) (holding a prisoner's challenge to changes in the P.S. 5100.08 scorecard did not affect the execution of his sentence and, therefore, the court lacked habeas jurisdiction over these claims under § 2241); *see also Franklin v. Gipson*, CV 12-7411-R PLA, 2013 WL 1339545 at *2 (C.D. Cal. Feb. 19, 2013) (a challenge to classification status lacked habeas jurisdiction because the prisoner "would not be released from confinement or even be provided with a lesser

---

[3] Respondent fails to address the Court's jurisdiction over this matter. However, the Court must first address jurisdiction before it evaluates the merits of the case, even if it performs the task sua sponte. *Cf. California Diversified Promotions, Inc. v. Musick*, 505 F.2d 278, 280 (9th Cir. 1974)("a judge can dismiss sua sponte for lack of jurisdiction").

[4] Petitioner, for the first time in his Reply Brief, notes that a previous Case Manager had suggested that he may be eligible for camp placement when he reached the ten-year mark remaining on his sentence. Even then, Petitioner does not allege that the scoring change he is seeking would have a non-negligible impact on his placement, or affect any manner or condition of the execution of his sentence, nor would the Court have jurisdiction over such a claim. *See Schwarz v. Meinberg*, CV 13-00356 BRO PLAX, 2011 WL 2470122 at *2 (C.D. Cal. May 31, 2011), *aff'd*, 478 F. App'x 394 (9th Cir. 2012) (claims relating to BOP's refusal to designate an inmate to a prison camp are not cognizable on federal habeas review as they does not challenge the duration of a prisoner's confinement).

term of confinement; rather, at most, he would receive a different or lower classification score"); *Lerma v. Gutierrez*, CV 11-07996-PSG VBK, 2012 WL 1320145 (C.D. Cal. Mar. 7, 2012) (finding that the court lacked habeas jurisdiction even if the classification designation impacted the prisoner's housing determination); *Levi v. Ebbert*, CIV 1:CV-09-0193, 2009 WL 2169171 at *5-7 (M.D. Pa. July 20, 2009), *aff'd*, 353 F. App'x 681 (3d Cir. 2009).

In his Reply Brief, Petitioner alleges that the "manner and condition" in which his sentence is being carried out is illegal because BOP's incorrect application of P.S. 5100.08 violates 18 U.S.C. § 4081.[5] Petitioner argues that because his classification is not "proper," it is in violation of federal law. However, an inmate does not have a legitimate statutory or constitutional entitlement to his custody classifications score or his security designation level. *See Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976). Moreover, "[a] habeas claim cannot be sustained based solely upon the BOP's purported violation of its own program statement because noncompliance with a BOP program statement is not a violation of federal law." *Reeb v. Thomas*, 636 F.3d 1224, 1227 (9th Cir. 2011).

In conclusion, Petitioner does not present any grounds upon which this Court can provide habeas relief. He does not challenge the duration of his sentence or articulate any manner or condition of the execution of his sentence that is illegal. Therefore, the Court is without jurisdiction to address the BOP staff's Custodial Classification determinations.

Accordingly,

**IT IS ORDERED** that the Petition for Writ of Habeas Corpus is **DISMISSED**.

---

[5] Section 4081 states: "[t]he Federal penal and correctional institutions shall be so planned and limited in size as to facilitate the development of an integrated system which will assure the *proper* classification and segregation of Federal prisoners . . . ." 18 U.S.C.A. § 4081.

**IT IS FURTHER ORDERED** that the Clerk of Court should enter judgment and close this case.

Dated this 27th day of June, 2014.

D. Thomas Ferraro
United States Magistrate Judge